### GORS v HUSS

Ohio Appeals, 6th Dist, Lucas Co
No. 2549. Decided June 15, 1931

H. J. Kehoe and R. E. Emory, both of Toledo, for Gors.

Brady, Yaeger, O'Connor, Bebout & O'Connor, Toledo, for Huss.

such that upon the death of one of the parties the deposit belonged to the survivor under the provisions of §9648, GC. That section contains the following provision:

"When such deposits * * * are made to the joint account of two or more persons, whether adults or minors, with a joint order to the corporation that such deposits or any part thereof are to be payable on the order of any one or more of such joint depositors, and to continue to be so payable notwithstanding the death or incapacity of one or more of the persons making them, such account shall be payable to any one or more of such survivors or survivor or order, notwithstanding such death or incapacity."

This section applies to a building and savings company such as the institution in which the deposit was made. The contract entered into by the two depositors is substantially in the language of this statute, which makes such an account payable to the survivor upon the death of one of the depositors. No doubt the rule would be the same had such a statute not been enacted.

Cleveland Trust Co. v Scobie, 114 Oh St, 241;

Pindras, Admr. v Cleveland Trust Co., 33 Oh Law Bul & Rep., 423.

It is contended by defendant in error that a valid election can not be made without full knowledge of the condition of the estate and the rights of the party electing therein. There is no question that this rule of law is a correct one. Bell v Henry, 121 Oh St, 241.

An examination of the husband's testimony discloses that he had full knowledge of the extent of the estate and his rights therein. He even admits in his testimony that at the time he made his election he stated to Harold J. Kehoe, an attorney at law in Toledo, that the amount in the Home Building & Savings Company was between $5,000.00 and $6,000.00, and probably a little more.

The claim is made by plaintiff in error that the doctrine of estoppel should be applied. By reason of the views expressed herein, it is not necessary to invoke that doctrine; otherwise we would give serious consideration to the question whether the rights of the husband are not barred by estoppel by reason of his conduct.

We find as a matter of law, from undisputed evidence, that the election was a valid one and that the money on deposit passed to the survivor, Mabel Gors, upon the death of her mother, and we are therefore com-

WILLIAMS, J.

It is clear that these agreements were

pelled to enter final judgment for plaintiff in error.

LLOYD and RICHARDS, JJ, concur.